DAVID E. MASTAGNI, ESQ. (SBN 204244)
ISAAC S. STEVENS, ESQ. (SBN 251245)
ACE T. TATE, ESQ. (SBN 262015)
**MASTAGNI HOLSTEDT**
*A Professional Corporation*
1912 "I" Street
Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUG SLEZAK, on behalf of himself and all similarly situated individuals,<br><br>     Plaintiff,<br><br>v.<br><br>CITY OF PALO ALTO,<br><br>     Defendant. | Case No.:<br><br>**COLLECTIVE ACTION - 29 U.S.C. 216**<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** |

## I.

## INTRODUCTION

1. This action is brought pursuant to the provisions of the Fair Labor Standards Act ("FLSA") 29 U.S.C. sections 201, *et seq*., to recover from Defendant CITY OF PALO ALTO (hereinafter "Defendant" or "City") unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit and reasonable attorney fees.

2. This action arises from Defendant's failure to include all statutorily required forms of compensation in the "regular rate" used to calculate Plaintiffs' overtime compensation.

///

///

## II.

## PARTIES

3. Plaintiffs are or were employed by the Defendant. Defendant deprived Plaintiffs of their full statutorily required compensation for hours worked.

4. Defendant implemented an illegal compensation computation method, which undercounts Plaintiffs' "regular rate" of pay. Defendant's method of calculating Plaintiffs' "regular rate" of pay results, and has resulted in under-payment for overtime hours worked. Defendant suffered or permitted Plaintiffs to perform overtime work without proper compensation.

5. Defendant City of Palo Alto is a political subdivision of the State of California and employed the Plaintiffs.

6. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals. Those individuals constitute a well-defined community of interest in the questions of law and fact at issue in this case. The claims of the represented Plaintiffs are typical of the claims of those similarly situated.

7. The named Plaintiffs will fairly and adequately reflect and represent the interests of those similarly situated. There is no conflict as to any individually named Plaintiffs and other members of the class with respect to this action or with respect to the claims for relief herein set forth.

## III.

## JURISDICTION

8. This action is brought pursuant to the provisions of the FLSA, 29 U.S.C. sections 201, *et seq.*, to recover from Defendant City of Palo Alto unpaid overtime compensation, interest thereon, liquidated damages, costs of suit and reasonable attorney fees. This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1331 and 29 U.S.C. section 216(b), because this action is based on the FLSA. This Court has subject matter jurisdiction of this action pursuant to 29 U.S.C. sections 207, *et seq.*

///

///

# IV.

## COLLECTIVE ACTION ALLEGATIONS

9. Plaintiffs bring this action on behalf of themselves and all other persons similarly situated who work, or have worked, for the Defendant at any time in the last three years and were deprived of their complete statutory overtime compensation. Those individuals are similarly situated and constitute a well-defined community of interest in their respective questions of law and fact relevant to this action. The claims of the represented parties are typical of those of other individuals similarly situated. The represented parties will fairly and adequately represent the interests of those similarly situated.

10. This action is brought by Plaintiffs as a collective action, on their own behalf and on behalf of all others similarly situated, under the provisions of 29 U.S.C. section 216, for damages, liquidated damages, a three-year statute of limitations, and relief incident and subordinate thereto, including costs and attorney fees.

11. The exact number of members similarly situated in the collective group, as herein above identified and described, is estimated to consist of well over forty individuals.

12. There are common questions of law and fact in this action relating to and affecting the rights of each member of the collective group, including whether Defendant failed to fully compensate Plaintiffs for all overtime worked by not including compensation in lieu of health care coverage in the "regular rate" of pay used to calculate overtime compensation. The relief sought is common to the entire class.

13. Plaintiffs' claims and the claims of those similarly situated depend on a showing of Defendant's acts and omissions giving rise to Plaintiffs' right to the relief sought herein. There is no conflict as to any individually named Plaintiff and other members of the collective group seeking to opt in, with respect to this action, or with respect to the claims for relief herein set forth.

14. This action is properly maintained as a collective action in that the prosecution of separate actions by individual members of the collective group would create a risk of adjudications with respect to individual members of the class which may as a practical matter be dispositive of the

interests of the other members not parties to the adjudications, or may substantially impair or impede their ability to protect their interests.

15. Plaintiffs' lawyers are experienced and capable in the field of FLSA and labor/employment litigation and have successfully represented thousands of claimants in other litigation of this nature.

16. Plaintiffs' counsel, Mastagni Holstedt, APC, will conduct and be responsible for Plaintiffs' case herein. David E. Mastagni and Isaac S. Stevens, who will be primarily responsible for litigating this matter, have represented thousands of employees pursuing wage and hour claims throughout the State of California, and have recovered millions of dollars on their behalf.

## V.

## FACTUAL ASSERTIONS

17. Plaintiffs are, or were, employed by the Defendant within the last three (3) years.

18. At all times relevant hereto, Defendant suffered or permitted Plaintiffs and other similarly situated individuals to work hours beyond statutory thresholds for overtime compensation required by the FLSA.

19. At all times relevant hereto, Defendant impermissibly excluded certain remunerations or undervalued the "regular rate" of pay, upon which all forms of Plaintiffs' overtime compensation are based.

20. Pursuant to 29 U.S.C. section 207(e), the "regular rate" must include all remuneration received by an employee unless it is explicitly excluded. The burden is on an employer to demonstrate that a payment is excludable from the regular rate. *(Madison v. Resources for Human Development* (3rd. Cir. 2000) 233 F.3d 175, 187)

21. Defendant's past and current practice of computing Plaintiffs' overtime has impermissibly reduced the amount being paid to Plaintiffs by failing to compute all statutorily required amounts into Plaintiffs' "regular rate" of pay as defined by 29 U.S.C. section 207(e).

22. Defendant failed to include monetary compensation paid to Plaintiffs who declined Defendant-provided health insurance in the "regular rate" used to calculate their overtime compensation.

23. As part of the compensation it provided Plaintiffs, Defendant paid Plaintiffs and other similarly situated individuals monetary compensation in lieu of contributing towards Defendant-provided health benefits coverage.

24. In calculating the "regular rate" for the purposes of overtime compensation, Defendant excluded the remunerations it paid Plaintiffs and similarly situated individuals in lieu of contributions towards medical benefits.

25. At all times relevant hereto, Defendant placed no condition on use of these in-lieu payments.

26. At all times relevant hereto, Defendant treated these payments to Plaintiffs as wages for the purposes of applicable tax withholdings. Plaintiffs are informed and believe Defendant treated such payments to similarly situated individuals in the same manner.

27. Pursuant to 29 U.S.C. section 207(e), Defendant is statutorily required to include all forms of remuneration in Plaintiffs' "regular rate" of pay.

28. 29 U.S.C. section 207(e)(2), which allows employers to exclude from the "regular rate" payments for periods where no work is performed, reasonable payments for traveling expenses or other expenses incurred by employees, and other similar payments which are not made as compensation for employees' work does not allow Defendant to exclude monetary compensation paid to Plaintiffs in lieu of contributions for medical benefits.

29. The same is true for 29 U.S.C. section 207(e)(4), which allows employers to exclude from the "regular rate" contributions they irrevocably make to a trustee or third person pursuant to a "bona fide plan" for providing health insurance benefits.

30. The Department of Labor's interpretation of the term "bona fide plan" is set forth in 29 C.F.R. section 778.215(a)(5), which states in part:

> The plan must not give an employee the right to assign his benefits under the plan nor the option to receive any part of the employer's contributions in cash instead of the benefits under the plan: Provided, however, That if a plan otherwise qualified as a bona fide benefit plan under section 7(e)(4) of the Act, it will still be regarded as a bona fide plan even though it provides, as an incidental part thereof, for the payment to an employee in cash of all or a part of the amount standing to his credit.

31.   In *Flores v. City of San Gabriel*, 2016 WL 3090782, the Ninth Circuit Court of Appeals held that payments to employees in lieu of health benefits were not excludable from the "regular rate" of pay under either 29 U.S.C. sections 207(e)(2) or (e)(4).  With respect to the exclusion codified in 207(e)(2) and its companion federal regulation, the court noted "Under § 778.224(a), a payment may not be excluded from the "regular rate" of pay pursuant to § 207(e)(2) if it is generally understood as compensation for work, even though the payment is not directly tied to specific hours worked by an employee." *(Id.)*  Further, the court held that cash payments in lieu of health benefits are not excludable from the "regular rate" under 207(e)(4) because those payments do not have to be tied to specific hours of work or non-work.

42.   Because the remunerations paid to Plaintiffs in lieu of health benefits were not made for hours of non-work or, on information and belief, made pursuant to a bona benefit plan they must be included in the "regular rate" of pay for determining overtime compensation as required by the FLSA.

32.   At all times relevant hereto, Defendant through pattern and practice did not include the monetary compensation it provided in lieu of health benefits into the "regular rate" of pay for the purposes of determining overtime compensation as required by the FLSA.

33.   Likewise, Defendant failed to include compensation paid for medical benefits on behalf of Plaintiffs and other similarly situated individuals in the "regular rate" used to calculate their overtime compensation.

34.   Plaintiffs are informed and believe and thereon allege that payments Defendant made for Plaintiffs and other similarly situated individuals' medical benefits were not made pursuant to a "bona fide plan" for the provision of medical benefits within the meaning of 29 U.S.C. section 207(e)(4) and 29 C.F.R. section 778.215.

35.   By excluding these in-lieu payments and other forms of compensation from the "regular rate" used to calculate overtime compensation paid to Plaintiffs and other similarly situated individuals, Defendant failed to pay them one and one-half times their "regular rate" of pay for all hours of overtime they worked.

36.      Likewise, by failing to include all remuneration in employees' "regular rate" of pay, Defendant failed to compensate Plaintiffs and similarly situated individuals for cashing out compensatory time off.

37.      Defendant has a policy of cashing out Plaintiffs' unused Compensatory Time Off ("CTO") at less than the rate required by 29 U.S.C. section 207(o)(3) and (4).

38.      29 U.S.C. section 207(o)(3)(B) requires that, if "compensation is paid to an employee for accrued compensatory time off, such compensation shall be paid at the regular rate earned by the employee at the time the employee receives such payment."

39.      29 U.S.C. section 207(o)(4) requires that, upon termination of employment, Plaintiffs must be paid for their unused CTO at a rate of compensation not less than the greater of "(A) the average regular rate received by such employee during the last 3 years of the employee's employment, or (B) the final regular rate received by such employee."

40.      Defendant has implemented and maintained an agency-wide practice of excluding certain remunerations, including payments in lieu of health care contributions, in the "regular rate" of pay used to pay out CTO accruals.

41.      At all times relevant hereto, Defendant and its agents and representatives were aware of their obligations to properly compute and use the correct "regular rate" of pay in calculating overtime compensation owed to Plaintiffs and similarly situated individuals.

42.      Plaintiffs are informed and believe and thereon allege Defendant and its agents and/or representatives willfully and knowingly violated the FLSA by continuing to exclude remunerations from the calculation of Plaintiffs' and similarly situated individuals' "regular rate" of pay.

43.      Defendant's continuing failure to properly compensate Plaintiffs and similarly situated individuals was not in good faith and is a willful violation of the FLSA as it applies to employees of local governments.

44.      As a result of the foregoing violations of the FLSA alleged herein, Plaintiffs seek damages for lost overtime compensation and undervalued cash outs of CTO, as well as liquidated damages.

1    Plaintiffs seek these damages for the entire period of time Defendant has engaged in said

2    unlawful and willful conduct, up to three years as prescribed by the FLSA.

3  45.  Plaintiffs also seek reasonable attorney fees and costs pursuant to 29 U.S.C. section 216(b).

4              **FIRST COUNT**

5  **(Fair Labor Standards Act - Failure to Pay All Overtime Compensation Earned)**

6  46.  Plaintiffs incorporate by reference each and every paragraph above inclusive as though set forth

7    fully herein.

8  47.  Defendant suffered or permitted Plaintiffs, and on information and belief other similarly situated

9    individuals, to work overtime but failed to include all required forms of compensation into the

10    "regular rate" of pay used to calculate their overtime compensation, as well as amount of cash

11    paid to Plaintiffs and similarly situated individuals who cashed out CTO.

12  48.  By failing to include all requisite forms of compensation in the "regular rate" of pay used to

13    calculate overtime compensation and CTO cash outs, Defendant failed to compensate Plaintiffs

14    and similarly situated individuals at one and one-half times the "regular rate" of pay for all

15    overtime hours as required by the FLSA.

16  42.  At all times relevant hereto, Defendant and its agents and representatives were aware of their

17    obligations to pay Plaintiffs and similarly situated individuals for all hours worked at one and

18    half times the "regular rate" of pay as required by the FLSA.

19  43.  At all times relevant hereto, Defendant and its agents and representatives knew or should have

20    known of their obligations to pay Plaintiffs and similarly situated individuals overtime

21    compensation at one and one-half of their regular rate of pay for all hours worked in excess of

22    the applicable maximum weekly hours established by section 207 of the FLSA.

23  45.  At all times relevant hereto Defendant's failure to fully compensate Plaintiffs for all hours

24    worked was not in good faith, and was a willful violation of the FLSA.

25  46.  As a result of the foregoing violations of the FLSA as herein enumerated, Plaintiffs seek

26    damages for three (3) years' back pay of overtime compensation that was earned but unpaid, as

27    well as an equal amount in liquidated damages.

28  47.  Plaintiffs also seek reasonable attorney fees and costs pursuant to 29 U.S.C. section 216(b).

## PRAYER

WHEREFORE, Plaintiffs pray judgment as follows:

1.    For recovery of unpaid overtime compensation and interest thereon plus an equal amount of liquidated damages for all Plaintiffs pursuant to 29 U.S.C. section 216(b).

2.    For a determination that Defendant's conduct was reckless and/or an intentional, knowing, and willful violation of the FLSA, and therefore Plaintiffs are entitled to recover damages under a three (3) year statute of limitations;

3.    For reasonable attorney fees pursuant to 29 U.S.C. section 216(b);

4.    For costs incurred as a result of this proceeding;

5.    For injunctive relief ordering the Defendant to cease and desist from engaging in said unlawful conduct, including but not limited to, revisions to applicable compensation policies to clearly indicate that remuneration paid in lieu of health benefits will be included in the "regular rate" of pay for the purposes of overtime compensation.

6.    For such other and further relief as the court deems just and proper.


Dated: June 10, 2016                **MASTAGNI HOLSTEDT, APC**



By: /s/ David E. Mastagni
DAVID E. MASTAGNI
ISAAC S. STEVENS
ACE T. TATE
Attorneys for Plaintiffs