UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOUG SLEZAK,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF PALO ALTO,<br><br>        Defendant. | Case No. 16-CV-03224-LHK<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO APPROVE SETTLEMENT OF ACTION UNDER FAIR LABOR STANDARDS ACT** |

On February 10, 2017, the parties filed an unsigned settlement agreement and a Motion to Approve Settlement of Action under Fair Labor Standards Act. ECF No. 43. In the parties' motion, the parties represented that the Palo Alto City Council approved the settlement of the instant case on January 9, 2017. *Id.* at 3.

However, on March 21, 2017, the parties filed a joint case management statement, which states that the parties are "currently in the process of obtaining approval and signatures" on the unsigned settlement agreement filed with the Court on February 10, 2017. ECF No. 46. The parties represented that a fully executed settlement agreement with the correct settlement amounts would be filed with the Court by March 30, 2017. The parties did not file a fully executed

1

Case No. 16-CV-03224-LHK
ORDER DENYING WITHOUT PREJUDICE MOTION TO APPROVE SETTLEMENT OF ACTION UNDER FAIR LABOR STANDARDS ACT

1 agreement on March 30, 2017 or thereafter.

2 On April 6, 2017, the parties filed an "Updated Joint Status Report for Case Management Conference Regarding Execution of Proposed Settlement Agreement." ECF No. 49. The parties indicate that they have "obtained approval of the settlement from named plaintiff Doug Slezak and nearly all of the eight City employees who have already opted in." *Id.* The parties also "anticipate submitting to the Court the exact allocation of the settlement amount among potential opt-in plaintiffs before the fairness hearing." *Id.* As of today, Monday April 10, 2017, the parties have not filed a fully executed settlement agreement or the exact allocation of the settlement amount. The hearing, which had been set when Plaintiffs filed their motion on February 10, 2017, is Thursday, April 13, 2017.

Additionally, the parties' Motion to Approve Settlement provides no means of determining how the payments for each opt-in plaintiff is to be calculated and how that amount relates to the eventual payout. *See* ECF No. 43-2 at 18 (page titled "Formula" with no formula provided for calculating the amount due to each opt-in plaintiff). Moreover, with respect to Plaintiffs' request for attorney's fees and costs, Plaintiffs fail to provide (1) an itemization of costs, (2) an itemization of the work and hours performed by each individual working on the case, and (3) biographies of the individuals who worked on the case. The Court cannot determine that the amount paid to Plaintiffs' counsel or the opt-in plaintiffs will be a "fair and reasonable settlement of a bona fide dispute" without such information. *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1352–53 (11th Cir. 1982).

Finally, the parties never identify or provide any analysis of the "bona fide dispute" at issue in the instant suit. The Court must make a finding that a bona fide dispute exists under the *Lynn's Food Stores* standard, or the parties must provide a reason why that standard need not be met in the instant suit. *Id.*; *see* ECF No. 43 at 4–7 (discussing in the Motion to Approve Settlement the requirement that a bona fide dispute exist without providing any facts or analysis for why that requirement is met in the instant suit).

Case No. 16-CV-03224-LHK
ORDER DENYING WITHOUT PREJUDICE MOTION TO APPROVE SETTLEMENT OF ACTION UNDER FAIR LABOR STANDARDS ACT

Accordingly, Plaintiffs' Motion to Approve Settlement of Action under Fair Labor Standards Act is DENIED without prejudice. Plaintiffs shall not file another motion until the motion is complete and sets forth the necessary elements and facts for a collective action settlement. To the extent possible, the Court will attempt to expedite the hearing date on any future motion.

**IT IS SO ORDERED.**

Dated: April 10, 2017

*Lucy H. Koh*
LUCY H. KOH
United States District Judge