DAVID B. NEWDORF, State Bar No. 172960
RYE P. MURPHY, State Bar No. 289427
NEWDORF LEGAL
630 Thomas L. Berkley Way, Suite 103
Oakland, CA 94612
Telephone:   (415) 357-1234
Facsimile:   (866) 954-8448
E-Mail:      nl@newdorf.com

Attorneys for Defendant
CITY OF PALO ALTO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUG SLEZAK, on behalf of himself and all other similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF PALO ALTO,<br><br>Defendant. | Case No. 16-cv-3224 LHK<br><br>**REVISED NOTICE OF MOTION AND JOINT MOTION TO APPROVE SETTLEMENT OF ACTION UNDER FAIR LABOR STANDARDS ACT**<br><br>Date:<br><br>Judge:   Hon. Lucy H. Koh |

**TO THE COURT AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that, on _____, 2017 at _____ a.m./p.m., or as soon thereafter as the matter may be heard in Courtroom 8 of the above-entitled Court, which is located at the 4th floor of the U.S. Courthouse, 280 South 1st St., San Jose, CA 95113, Plaintiff Doug Slezak, on behalf of himself and all other similarly situated individuals ("Plaintiffs") and Defendant City of Palo Alto ("Defendant") will jointly move the Court for an order approving the Settlement Agreement and General Release agreed to by Defendant and Plaintiffs and related settlement notices and documents.

This motion will be based on this Notice of Motion, the attached memorandum of points and authorities, the Declaration of David B. Newdorf, the Declaration of David E. Mastagni, the

documents and pleadings on file in this action, and any other evidence that may be presented at the time of the motion hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Doug Slezak, on behalf of himself and all other similarly situated individuals ("Plaintiffs") and Defendant City of Palo Alto ("City") respectfully move this Court to approve the Settlement Agreement and General Release ("Settlement Agreement") that the Parties have negotiated and signed. The Settlement Agreement provides for fair and reasonable compensation to each plaintiff and fair and reasonable attorneys' fees and costs to counsel for Plaintiffs.

The parties have revised and updated this motion in accordance with the Court's order denying without prejudice the original motion. (Doc. #50.)

## I.   STATEMENT OF FACTS

### A.   Background and Procedural Posture

This is a Fair Labor Standards Act collective action regarding over-time pay based on the holding of *Flores v. City of San Gabriel,* 824 F.3d 890 (9th Cir. 2016). The *Flores* case was decided June 2, 2016. Plaintiffs filed this lawsuit June 10, 2016. As in the *Flores* case, City workers who have health care coverage from a spouse or another source may elect to receive a cash payments in lieu of City-provided health insurance. Depending on the employee's union agreement and number of eligible dependents, the cash payment ranged from approximately $131 to $642 per two-week pay period. When the City adopted this program more than a decade ago, it did not change the way it calculated overtime to include these benefits. Under *Flores*, these cash payments are considered compensation for work and must be factored into the regular rate of pay from which the overtime pay rate is calculated under the Fair Labor Standards Act ("FLSA"). This lawsuit seeks back pay, liquidated damages and reasonable attorney's fees and costs under the FLSA.

The Parties have cooperated to reduce litigation costs. The parties entered a tolling agreement so that no potential class member would be prejudiced by the passage of time (and the operation of the statute of limitations) before they receive notice and have the chance to opt-in to this action. The Parties stipulated to conditional class certification, which was ordered by the court

NEWDORF LEGAL
630 Thomas L. Berkley Way #103
Oakland, CA 94612
(415) 357-1234

on November 18, 2016. (Doc. # 36.) As stipulated by the parties and approved by the Court, the collective action class is defined as: All current and former City non-exempt employees who have, at any time since June 10, 2013, worked overtime for the City and received cash payments in lieu of healthcare benefits. To date, nine employees (including Mr. Slezak) have submitted their written consent to be included as plaintiffs. Based on City payroll records, there are 91 current and former City employees who will receive Notice that they are eligible to join this Action.

The Parties engaged in a day-long mediation in December and subsequently agreed on the terms of a settlement. The Palo Alto City Council approved the terms of the settlement on January 9, 2017. Since the Parties agreed to and approved the settlement terms, the Parties have drafted the necessary documentation of the settlement, proposed notice to the class, and this motion. The Settlement Agreement has been signed by the City and all named and opt-in plaintiffs to date. (Newdorf Decl. Ex. A.) The Settlement Agreement anticipates that once the Court approves the settlement, a court-approved notice will be sent to the other eligible opt-in plaintiffs so that they may participate in the settlement.

### B. Terms of the Settlement

Under the Settlement Agreement (attached as Exhibit A to the Declaration of David B. Newdorf), the City will pay up to $169,569.00 allocated as follows:

1. Plaintiffs who have filed a written consent to opt into this action and provided a signed release will receive an aggregate amount not to exceed $117,500.00. This payout is allocated 50 percent to back pay and 50 percent to liquidated damages.

2. The City will pay to counsel for plaintiffs (in addition to the amount paid to class members) $47,501.77 for reasonable attorney's fees and $4,567.23 for costs of the litigation. Plaintiffs are not responsible for any payment of attorney's fees. Additional information regarding the reasonableness of the fees is provided in the Declarations of David E. Mastagni, Isaac Stevens, and Ace Tate submitted with this motion.

3. <u>Calculation of Payments</u>. Each Plaintiff who timely opts into the Action after receiving notice and signs a release will be paid a share of the Settlement

Amount (before payroll withholding) proportional to (i) the number of overtime hours worked from June 10, 2013 to December 31, 2016 and (ii) the amount the employee received as cash in lieu payments. After approval of the Settlement Agreement, the City will separately pay through the payroll system a one-time payment to employees for the underpayment of overtime wages since January 1, 2017.

### C. Eligible Employees Who Opt into the Action Will Receive a Pro Rata Share of the Settlement Based on the Formula Attached to the Settlement Agreement.

Under the Settlement Agreement, each plaintiff who timely opts into the Action will be paid a share of the settlement amount proportional to the number of overtime hours worked from June 10, 2013 to December 31, 2016. The payments will range from a few dollars to approximately $10,000. The formula is:

Settlement Payment = <u>Number of "Shares"</u> (defined below) x <u>Number of Overtime Hours</u> x <u>$1.8885</u>

Each Share is worth $1.8885 and there are 62,220 maximum Shares, for a total payout to the class of $117,500. Shares are allocated to the opt-in plaintiffs as follows:

**Tier 1**: One share per hour of overtime paid to an employee who received less than $300 in medical in lieu/medical reimbursement per paycheck during the class period.

**Tier 2:** Three shares per hour of overtime paid to an employee who received $300 or more in medical in lieu/medical reimbursement per paycheck during the class period.

Here is an example of the calculation of payout based on the overtime hours worked by and medical in lieu/medical reimbursement payments made to as to named plaintiff Doug Slezak.

| Overtime hours worked June – Dec. 2013 | 171 |
| --- | --- |
| Overtime hours worked 2014 | 109 |
| Overtime hours worked 2015 | 145 |
| Overtime hours worked 2016 | 418 |
| Total Overtime Hours (2013-2016) | 843 |
| Multiplier Based on Tier 2 (>$300/pay period) | 3 |

4

| Total Shares | 2,529 |
|---|---|
| Total Shares x $1.8885 | $4,776.02 |

Calculations for all nine eligible class members who have opted-into the action to date are attached to the declaration of David B. Newdorf.

### D. Notice to Potential Class Members and Administration of the Settlement

Within ten days of Court approval of the Settlement Agreement and the form of Notice, the City will send by First Class U.S. Mail Notice of this lawsuit and the settlement to the 91 persons who are eligible to participate based on City payroll records. The form of the proposed Notice is attached to the Newdorf Declaration as Exhibit B.

The Notice shall inform each eligible current or past City employee of the claims made in the Action, the terms of the settlement as approved by the Court, the individualized amount that the recipient of the Notice would be paid under the Agreement, how that amount was calculated, and the requirements and procedure for participating in the settlement. In addition to the Notice, the mailing will include a form to opt into this action, an Acknowledgment and Acceptance of Settlement and Release of Claim (in the form attached to the Settlement Agreement), and a copy of the Settlement Agreement.

To participate in the settlement, addressees of the Notice will be informed that they have 90 days from the date that the Notice was mailed to sign and return the written consent to opt in to the Action and the Acknowledgment and Acceptance of Settlement and Release of Claim. Promptly after the 90-day opt-in period, the City will issue payroll checks to individual employees for the back-pay portion of the settlement (withholding payroll taxes as required by laws) and a separate check for the liquidated damages portion of the settlement amount.

## II. LEGAL STANDARD FOR APPROVING SETTLEMENTS UNDER THE FAIR LABOR STANDARDS ACT.

Overtime and back wage claims under the Fair Labor Standards Act can be settled or compromised under the supervision of either the U.S. Secretary of Labor or the district court. *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1352-1353 (11th Cir. 1982) (*Lynn's Food Stores*"). Hearings on the fairness of FLSA settlements are normally not evidentiary hearings. *Yue Zhou v. Wan's Restaurant*, 2007 WL 172308, at *2, n.5 (N.D.Cal.2007).

When an employee brings a private action for violation of the FLSA and presents to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Lynn's Food Stores*, 679 F. 2d at 1353. Further, if the proposed settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

"While the Ninth Circuit has not specifically addressed the question of whether FLSA claims may only be settled and resolved in two ways, district courts in the Ninth Circuit have followed *Lynn's Food Stores*." *Ambrosino v. Home Depot U.S.A., Inc.*, 2014 WL 3924609, at *2, n.8 (S.D. Cal. 2014) ("*Ambrosino*"). *See*, *Khanna v. Inter-Con Sec. Systems, Inc.*, 2012 WL 4465558, at *10 (E.D. Cal. 2012) ("A court may not approve an FLSA settlement without determining whether it is 'a fair and reasonable resolution of a bona fide dispute.'"); *Campanelli v. Hershey Co.*, 2011 WL 3583597, at *1 (N.D. Cal. 2011) (following *Lynn's Food Stores*, the Northern District Court of California approved settlement that provided substantial payment to each named plaintiff and to each person who has opted in to the FLSA collective action, payment of "service awards" to the 21 named plaintiffs, and payment of attorneys' fees and costs to the plaintiffs' counsel).

In *Yue Zhou v. Wan's Restaurant*, 2007 WL 172308, at *2 (N.D.Cal.2007) ("*Yue Zhou*"), the Northern District Court followed *Lynn's Food Stores* in its consideration of the settlement of a single plaintiff's (Zhou) overtime and liquidated damages claims under the FLSA. The Court noted that it was required to determine whether the settlement was a fair and reasonable resolution of a bona fide dispute. *Yue Zhou* at *2.

In *Ambrosino*, the U.S. District Court for the Southern District of California followed *Lynn's Food Stores* and approved the parties' joint motion to approve the settlement agreement. The Court had previously found the case involved a bona fide dispute over the existence and extent of defendant's FLSA liability. *Ambrosino*, 2014 WL 3924609, at *1. The Court first determined that the total settlement amount and the amount to be paid to each plaintiff were fair and reasonable. The Court reasoned:

> From the parties' renewed motion, it is clear that the parties have weighed the potential value of the claims in light of the number of weeks the plaintiffs

> worked during the relevant period, the plaintiffs' individual salaries, and their estimated overtime eligibility during the relevant period. (citation.) The parties have also weighed the likelihood of prevailing on the merits of their claims and defenses and determined that the settlement amount, which consists of about 47% of their maximum damages, is a fair compromise. (citation.) Further, the parties have clarified, to the Court's satisfaction, that each plaintiff received his or her pro rata share of the award based on "his or her salary, number of weeks worked as an assistant store manager during the limitations period, and whether he or she had a viable California state law claim."

*Ambrosino*, 2014 WL 3924609, at *2.

Second, the Court found that the scope of the waiver and release provisions in the settlement agreement "appropriately track[ed] the breadth of Plaintiffs' allegations in the action." *Ambrosino*, 2014 WL 3924609, at *2. Third, the Court further found that plaintiffs' attorneys' fees plus their expenses ($39, 291.15) were fair and reasonable. *Id.* at *3.

Lastly, the Court noted that in approving the parties' settlement agreement, it had balanced numerous factors, including the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the extent of the discovery completed, the stage of the proceedings, and the experience and views of discovery completed, the stage of the proceedings, and the experience and views of counsel. *Ambrosino,* 2014 WL 3924609, at *3.

### III. THE SETTLEMENT REPRESENTS THE CITY'S FULL POTENTIAL LIABILITY UNDER THE FLSA AND IS A REASONABLE RESOLUTION OF A BONA FIDE DISPUTE.

The named plaintiff, the opt-in plaintiffs to date, the City and their counsel have agreed to the terms and the language of the Settlement Agreement. Although the City is not conceding or admitting a violation of any law by settling this case, for purposes of the Settlement Agreement, the settlement amount represents the agreed estimated amount for all overtime compensation allegedly owed to Plaintiffs and all amounts allegedly owed for liquidated damages, arising from an alleged three-year statute of limitations period.

Before mediation, the City provided detailed payroll records for the affected current and past employees to Plaintiffs' counsel and each side engaged in extensive analysis of these spreadsheets. The gross amount to be paid to Plaintiffs ($117,500.00) reflects the parties' best estimate of the full amount due for back pay, an amount equal to back pay for liquidated damages, for the maximum

NEWDORF LEGAL
630 Thomas L. Berkley Way #103
Oakland, CA 94612
(415) 357-1234

three-year statute of limitations period. In addition, the City is separately paying reasonable attorney's fees, which does not reduce the payment to Plaintiffs. In other words, the Settlement Amount reflects the anticipated best outcome for Plaintiffs if the Action were to be tried.

The scope of the waiver and release provisions in the Settlement Agreement appropriately tracks the breadth of Plaintiffs' FLSA claims in this action. *Ambrosino*, 2014 WL 3924609, at *2.

Lastly, the Parties balanced numerous factors favoring settlement, including the strength of plaintiffs' cases; the risk, expense, complexity, duration of further litigation; the stage of the proceedings, and the experience and views of counsel. *Ambrosino*, 2014 WL 3924609, at *3.

There is a bona fide dispute between the parties as to the following issues that are resolved by this settlement:

1. If the issue were ultimately decided by the U.S. Supreme Court, would the High Court agree with the Ninth Circuit in *Flores* that payments in lieu of medical insurance benefits was compensation for work? No court before *Flores* had held that cash payments in lieu of health benefits should be treated as a component of the regular rate of pay. While the Supreme Court on May 15, 2017 declined to grant cert in the *Flores* case, the issue could reach the Supreme Court in a future term.
2. Whether the City's violation was willful, and therefore whether a two-year or three-year statute of limitations applied.
3. Whether liquidated damages would be appropriate and whether the City acted in good faith and had reasonable grounds to believe that its actions complied with the FLSA. *See* 29 U.S.C. § 260. No court before *Flores* had held that cash payments in lieu of health benefits should be treated as a component of the regular rate of pay.
4. Whether the City's plan qualifies as a "bona fide" plan based on the percentage of benefits paid directly as cash-in lieu versus the benefits that are paid for health insurance premiums. There is very little caselaw on this issue.

The Parties wish to avoid incurring further litigation costs and expenses to resolve these bona fide disputes. The settlement amount is based upon an understanding that the case will not be further litigated. The Parties' settlement is fair, reasonable and adequate to all concerned in that the

opt-in plaintiffs would most likely not obtain a better outcome if they were to litigate and prevail on all of the disputed issues. However, further litigation would increase fees and costs and would delay payment to the opt-in plaintiffs. Accordingly, the parties jointly request that the Court approve the Settlement Agreement, Notice and related documents.

## CONCLUSION

For the foregoing reasons, the Parties request that the Court approve the Parties' Settlement Agreement.

DATED: June 1, 2017

NEWDORF LEGAL

By: */s/ David B. Newdorf*
    DAVID B. NEWDORF
    Attorney for Defendant
    CITY OF PALO ALTO


MASTAGNI HOLSTEDT, APC

By: */s/ David E. Mastagni*
    DAVID E. MASTAGNI
    Attorney for Plaintiff
    DOUG SLEZAK, on behalf of himself
    and all similarly situated individuals