United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOUG SLEZAK,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF PALO ALTO,<br><br>        Defendant. | Case No. 16-CV-03224-LHK<br><br>**ORDER GRANTING MOTION TO APPROVE SETTLEMENT OF ACTION UNDER FAIR LABOR STANDARDS ACT**<br><br>Re: Dkt. No. 43 |

Before the Court is the parties' Revised Joint Motion to Approve Settlement of Action Under Fair Labor Standards Act. ECF No. 53. Having considered the parties' briefing, the relevant law, the record in this case, and the June 22, 2017 hearing, the Court GRANTS the parties' joint motion.

## I.    FACTUAL & PROCEDURAL BACKGROUND

The instant suit is a collective action brought by employees of Defendant for the recovery of overtime payments allegedly owed under the Fair Labor Standards Act (the "FLSA"). ECF No. 1 ("Compl.") ¶ 1. Plaintiffs allege that Defendant failed to properly calculate overtime payments for its employees who elected to receive cash in lieu of health insurance benefits. *Id.* ¶ 2. Under

1

Case No. 16-CV-03224-LHK
ORDER GRANTING MOTION TO APPROVE SETTLEMENT OF ACTION UNDER FAIR LABOR STANDARDS ACT

1  FLSA, "an employer must pay its employees premium overtime compensation of one and one-half
2  times the regular rate of payment for any hours worked in excess of forty in a seven-day work
3  week." *Flores v. City of San Gabriel*, 824 F.3d 890, 895 (9th Cir. 2016) (citing *Cleveland v. City
4  of L.A.*, 420 F.3d 981, 984–85 (9th Cir. 2005)). Defendant allegedly did not include the cash
5  received in lieu of health insurance benefits as part of the "regular rate of payment" that is used to
6  calculate overtime payments. Compl. ¶ 31. The Ninth Circuit's decision in *Flores* clarified that
7  Defendant was required to include such cash in lieu of health insurance benefit payments in the
8  regular rate of pay overtime calculations. *Flores*, 824 F.3d at 895. On May 15, 2017, the United
9  States Supreme Court denied the defendant's petition for certiorari in *Flores*. *See City of San
10  Gabriel v. Flores*, U.S. Sup. Ct. Case No. 16-911.

On June 13, 2016, the instant suit was filed. ECF No. 1. On August, 22, 2016, Defendant answered. ECF No. 18. On November 18, 2016, the Court granted the parties' joint stipulation for conditional certification of the FLSA collective action. ECF No. 33.

On February 3, 2017, the parties filed a status report informing the Court that the case had settled. ECF No. 39. On February 10, 2017, the parties filed a motion for approval of settlement of action. ECF No. 43. On April 10, 2017, the Court denied without prejudice the parties' motion for approval of settlement of action. ECF No. 50.

On June 1, 2017, the parties filed the instant motion. *See* Mot. On June 19, 2017, the Court ordered additional briefing, ECF No. 57, which the parties provided, ECF No. 58 ("Supplemental Briefing"). A hearing was held on June 22, 2017.

## II. LEGAL STANDARD

The Eleventh Circuit has explained that a FLSA claim can be settled in two ways. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).[1] First, an employee may

---

[1] While the Ninth Circuit has not specifically addressed the question of whether FLSA claims may only be settled and resolved in two ways, district courts in the Ninth Circuit have followed *Lynn's Food Stores*. *See, e.g., Khanna v. Inter–Con Sec. Systems, Inc.*, 2012 WL 4465558, at *1011(E.D. Cal. 2012); *Campanelli v. Hershey Co.*, 2011 WL 3583597, at *1 (N.D. Cal. 2011*); Lee v. The Timberland Co.*, 2008 WL 2492295, at *2 (N.D. Cal. 2008); and *Yue Zhou v. Wang's Restaurant*,

2
Case No. 16-CV-03224-LHK
ORDER GRANTING MOTION TO APPROVE SETTLEMENT OF ACTION UNDER FAIR LABOR STANDARDS ACT

settle and waive claims under the FLSA under the supervision of the Secretary of Labor. *Id.* Second, an employee may settle and waive claims under the FLSA if a district court approves the settlement. *Id.*

Before approving a FLSA settlement, the court must scrutinize the settlement agreement to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354–1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

## III. DISCUSSION

The settlement in this case includes the following terms. First, Defendant will pay up to $117,500 in unpaid overtime wages and liquidated damages to Plaintiffs, distributed in proportion to the amount of overtime each Plaintiff worked and the amount of cash in lieu of health insurance benefits each Plaintiff received. The parties assert that this amount represents their best estimate of Defendant's full potential liability in this case. Second, Defendant will pay $47,501.77 in attorney's fees to Plaintiff's counsel. Third, Defendant will pay $4,567.23 in costs to Plaintiff's counsel.

In order to approve the settlement in the instant case, the Court must find that (1) the case involves a bona fide dispute, (2) the proposed settlement agreement is fair and reasonable, and (3) the award of attorney's fees is reasonable, and (4) the award of costs is reasonable. The Court addresses each issue in turn, and then discusses the proposed notice.

### A. Bona Fide Dispute

"If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Nen Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1333 (N.D. Cal. 2014)

---

2007 WL 17230, at *1–3 (N.D. Cal. 2007).

3

(quoting *Yue Zhou v. Wang's Restaurant*, 2007 WL 2298046, *1 (N.D.Cal. Aug. 8, 2007)); *Lynn's Food Stores*, 679 F.2d at 1353 n.8 (requiring "settlement of a bona fide dispute between the parties with respect to coverage or amount due under the [FLSA]"). The purpose of this analysis is to ensure that an employee does not waive claims for wages, overtime compensation, or liquidated damages when no actual dispute exists between the parties. *Lynn's Food Stores*, 679 F.2d at 1353 n.8.

Here, there does not seem to be a dispute as to whether the City of Palo Alto is liable for overtime payments because *Flores v. City of San Gabriel*, 824 F.3d 890, 895 (9th Cir. 2016), established that cash in lieu of health insurance benefits must be calculated as part of the regular rate of pay for overtime payments under FLSA. However, at the time of settlement, a petition for certiorari was pending before the United States Supreme Court in *Flores*. *See City of San Gabriel v. Flores*, U.S. Sup. Ct. Case No. 16-911. Although the United States Supreme Court denied the defendant's petition for certiorari in *Flores* on May 15, 2017, at the time of settlement it was unclear whether certiorari would be granted in *Flores* and whether *Flores* would eventually be overturned.

Moreover, the parties dispute the full extent of damages that would need to be paid under FLSA. Under FLSA, 29 U.S.C. § 216(b) provides that "an employer who violates the Act shall be liable for unpaid overtime compensation plus an additional equal amount as liquidated damages." *Local 246 Util. Workers Union of Am. v. S. California Edison Co.*, 83 F.3d 292, 297 (9th Cir. 1996). However, such liquidated damages may be avoided if the employer can establish "subjective and objective good faith in its violation of the FLSA." *Id.* Here, it was not settled law before *Flores* that cash in lieu of health insurance benefits should be part of the regular rate of pay under FLSA. Therefore, there is a non-frivolous defense as to whether Defendant would owe liquidated damages in this case.

Additionally, FLSA usually has a two-year statute of limitations. 29 U.S.C. § 255(a). If the violation of FLSA was willful, however, there is a three-year statute of limitations. *Id.* The

4

Case No. 16-CV-03224-LHK
ORDER GRANTING MOTION TO APPROVE SETTLEMENT OF ACTION UNDER FAIR LABOR STANDARDS ACT

burden is on the employee to show a willful violation of FLSA. As with the subjective and objective good faith inquiry for liquidated damages above, the employer likely has a good defense on the charge of willfulness in this case.

Finally, in Plaintiffs' supplemental briefing, Plaintiffs discuss the fact that, as to each individual Plaintiff, Defendant would have been able to claim credits and offsets with respect to the overtime hours worked by certain employees to the extent those hours are not governed by FLSA. While it is unclear as to which Plaintiffs this dispute would arise, it shows that the amount of award under FLSA would be subject to dispute on a case-by-case basis.

Based on the above disputed aspects of the case, the court finds there to be a bona fide dispute under FLSA. Moreover, the Court notes that the purpose of the bona fide dispute requirement has been satisfied here. *See Lynn's Food Stores*, 679 F.2d at 1353 n.8 (noting that the bona fide dispute requirement exists to prevent an employee's waiver of payments such as overtime payments or liquidated damages if it is clear that the employer owes such payments). As discussed further below, the settlement amount involves full compensation for overtime payments, double damages for liquidated damages, a three-year statute of limitations, and no credits or offsets for non-FLSA overtime. Thus, there is not a concern here that employees are waiving their rights to liquidated damages or benefits to which they are entitled.

Accordingly, the Court finds the bona fide dispute requirement to be satisfied.

### B. Fair and Reasonable Resolution

To determine whether the settlement is fair and reasonable, the Court looks to the "totality of the circumstances" and the "purposes of FLSA." *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1173 (S.D. Cal. 2016). The *Selk* court identified the following factors to be considered:

> (1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion.

5
Case No. 16-CV-03224-LHK
ORDER GRANTING MOTION TO APPROVE SETTLEMENT OF ACTION UNDER FAIR LABOR STANDARDS ACT

*Id.* The Court addresses each factor in turn.

### 1. Plaintiff's Range of Possible Recovery

The parties assert that during settlement discussions "the City provided detailed payroll records for the affected current and past employees to Plaintiffs' counsel and each side engaged in extensive analysis of these spreadsheets. The gross amount to be paid to Plaintiffs ($117,500.00) reflects the parties' best estimate of the full amount due for back pay, an amount equal to back pay for liquidated damages, for the maximum three-year statute of limitations period." *See* ECF No. 53 at 7–8; *see also* ECF No. 53-1 ¶ 17 ("Plaintiff considered the ranges of recovery in reaching this settlement and believes the recovery approaches the outer limits."). *Flores* indicates that Defendant would likely be liable on Plaintiffs' FLSA cause of action, but as discussed above, the award of liquidated damages and the application of a three-year statute of limitations would not be definite if the case were to proceed. Moreover, the parties reached a tolling agreement in this case. While normally the opt-in plaintiffs would be limited to recovery within three years of the opt-in date, in this case, the award for all the opt-in Plaintiffs reaches back to three years from the date that the complaint was originally filed. Some of the plaintiffs have not even opted in yet and will only do so after this order issues. Accordingly, the Court finds that the total settlement amount, which provides recovery of about 100% of overtime wages and 100% of liquidated damages within a three-year statute of limitations period, to be reasonable. *See Jones v. Agilysys, Inc.*, 2014 WL 2090034 (N.D. Cal. May 19, 2014) (finding a FLSA settlement that constituted between 30% to 60% of recoverable damages to be a "tangible monetary benefit" for the class members); *Knight v. Red Door Salons, Inc.*, 2009 WL 248367, *5 (N.D. Cal. Feb. 2, 2009) (recovery of 50% of possible damages in a wage and hour action was "substantial achievement on behalf of the class").

Moreover, as to the individual opt-in plaintiffs, the parties assert that "no significant underpayments exist[]" under the pro rata distribution used to calculate the settlement distributions. *See* ECF No. 58 at 5–7. In fact, some Plaintiffs may receive more than they would receive at trial because Defendant is not asserting offsets and credits that Defendant would have

6

Case No. 16-CV-03224-LHK
ORDER GRANTING MOTION TO APPROVE SETTLEMENT OF ACTION UNDER FAIR LABOR STANDARDS ACT

been able to assert at trial. Accordingly, the Court does not find the distribution amount to each Plaintiff to be unreasonable. Moreover, the fact that a petition for certiorari was pending in *Flores* before the United States Supreme Court at the time of the settlement underscores the fairness and reasonableness of the significant recovery in this case.

Thus, this factor weighs in favor of approval of the FLSA settlement.

### 2. The Stage of the Proceedings and Amount of Discovery Completed

The Court assesses the stage of proceedings and the amount of discovery completed to ensure the parties have an adequate appreciation of the merits of the case before reaching a settlement. *See Ontiveros v. Zamora*, 303 F.R.D. 356, 371 (E.D.Cal.2014) ("A settlement that occurs in an advanced stage of the proceedings indicates that the parties carefully investigated the claims before reaching a resolution."). So long as the parties have "sufficient information to make an informed decision about settlement," this factor will weigh in favor of approval. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998).

Although this case is still in early stages, the parties have enough information to know that settlement is appropriate. The Ninth Circuit's *Flores* decision makes it highly likely that Plaintiffs would prevail. As discussed above, the major remaining issue would be the extent of liquidated damages and the statute of limitations, which would involve questions of good faith and willfulness, that is, Defendant's intent. Under these circumstances, the Court finds that the parties had sufficient information to reach an early-stage settlement.

Accordingly, this factor weighs in favor of approval of the FLSA settlement.

### 3. The Seriousness of the Litigation Risks Faced by the Parties

This factor favors approving a settlement where "there is a significant risk that litigation might result in a lesser recover[y] for the class or no recovery at all." *Bellinghausen*, 306 F.R.D. at 255. Here, *Flores* made it likely that Plaintiffs would prevail at trial. However, if the case moved forward there would be a risk that a two-year rather than a three-year statute of limitations would apply and that liquidated damages would not be awarded. Although those risks solely

7

Case No. 16-CV-03224-LHK
ORDER GRANTING MOTION TO APPROVE SETTLEMENT OF ACTION UNDER FAIR LABOR STANDARDS ACT

involve a decrease in the potential award rather than a verdict of no liability, the risk of a lesser recovery favors settlement for a full recovery of all overtime wages and all liquidated damages within the longer three-year statute of limitations.

Accordingly, this factor weighs in favor of approval of the FLSA settlement.

### 4. The Scope of Any Release Provision in the Settlement Agreement

A FLSA release should not go beyond the specific FLSA claims at issue in the lawsuit itself. *See Daniels v. Aeropostale W., Inc.*, 2014 WL 2215708, at *4 (N.D. Cal. May 29, 2014) (denying motion for settlement where release would go beyond the FLSA claim). Here, the release waives the right to bring claims for a FLSA claim "on the grounds alleged in the lawsuit that may exist or have existed as of and including the Effective Date of the Agreement." ECF No. 53-5 at 16. However, "Plaintiffs reserve the right to pursue any FLSA claims that they might have for events occurring after the Effective Date of this agreement." ECF No. 53-5 ¶ 5. Thus, the release here does not go beyond the claims at issue in the instant suit.

The Court notes that the release in the settlement agreement releases claims between January 9, 2017, the date the settlement agreement was approved by the City of Palo Alto, and the date the settlement agreement is approved by this Court. Thus, Plaintiffs are releasing claims for damages for a period of months that were not compensated by the settlement agreement. However, because the settlement award includes a three-year statute of limitations for willfulness, all liquidated damages, a tolling agreement for the opt-in plaintiffs, and Defendant does not seek any credits or offsets as to any of the individual plaintiffs, the Court finds that the Plaintiffs are still receiving substantial relief and that the settlement is still fair and reasonable despite the overbroad release.

Accordingly, this factor weighs in favor of approval of the FLSA settlement.

### 5 The Experience and Views of Counsel and the Opinion of Participating Plaintiffs

In determining whether a settlement is fair and reasonable, "[t]he opinions of counsel should be given considerable weight both because of counsel's familiarity with th[e] litigation and

8

Case No. 16-CV-03224-LHK
ORDER GRANTING MOTION TO APPROVE SETTLEMENT OF ACTION UNDER FAIR LABOR STANDARDS ACT

previous experience with cases." *Larsen v. Trader Joe's Co.*, 2014 WL 3404531, *5 (N.D.Cal. Jul. 11, 2014) (Orrick). Here, Plaintiffs' counsel, David Matagni, asserts that "In my professional opinion, the Settlement is fair, adequate and in the best interests of the class members." ECF No. 53-1 ¶ 17. Matagni has practiced labor and employment law since 1999, or approximately 18 years. Moreover, in addition to the lead plaintiff, Brian Slezak, 8 other opt-in plaintiffs have already signed the settlement agreement. Thus, at least 8 of the 91 plaintiffs in the collective action approve the settlement.

Accordingly, this factor weighs in favor of approval of the FLSA settlement.

### 6. The Possibility of Fraud or Collusion

The likelihood of fraud or collusion is low here because the Settlement was reached through arm's-length negotiations, facilitated by an impartial mediator. *City P'ship Co. v. Atl. Acquisition Ltd. P'shp.*, 100 F.3d 1041, 1043 (1st Cir. 1996) ("When sufficient discovery has been provided and the parties have bargained at arms-length, there is a presumption in favor of the settlement."). There is nothing on the face of the record that shows that Plaintiff's counsel "allowed pursuit of their own self-interests and that of certain class members to infect the negotiation." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). Additionally, the Court does not find evidence of more "subtle signs" of collusion, such as "when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded." *Id.* Here, as discussed below, counsel is receiving a substantial fee. However, the class is also receiving a significant monetary benefit. Accordingly, this factor weighs in favor of approval of the FLSA settlement.

Overall, on consideration of the totality of the circumstances, the Court finds that the proposed settlement is a fair and reasonable resolution of a bona fide dispute.

### C. Attorney's Fees

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Selk*, 159 F. Supp. 3d at 1180; *see*

9
Case No. 16-CV-03224-LHK
ORDER GRANTING MOTION TO APPROVE SETTLEMENT OF ACTION UNDER FAIR LABOR STANDARDS ACT

*also* 29 U.S.C. § 216(b) (providing that, in a FLSA action, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"). Where a settlement produces a common fund for the benefit of the entire class, courts may employ either the lodestar method or percentage-of-recovery method to determine a reasonable attorney's fee. *See In re Bluetooth*, 654 F.3d at 942. However, where the recovery is separate from a common found, the lodestar method is usually employed. *Id.* Under the lodestar method, courts multiply "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001).

Plaintiffs seek $47,501.77 in attorney's fees. This is significantly less than the amount that would be awarded under the lodestar method. Plaintiffs claim that the following amount would be awarded under the lodestar method:

| Name | Position | Hours | Rate | Total |
| --- | --- | --- | --- | --- |
| David Mastagni | Attorney, Partner | 76.2 | $600 | $45,720 |
| Isaac Stevens | Attorney, Senior Associate | 42.7 | $400 | $17,080 |
| Ace Tate | Attorney, Associate | 71.1 | $265 | $18,841.50 |
| Carl Larson | Attorney, Associate | 0.6 | $265 | $159 |
| Andy Horwitt | Forensic Accountant | 43.89 | $300 | $13,167 |
| Patrick Barbieri | Paralegal | 10.2 | $150 | $1,530 |
| Benjamin Carney | Paralegal | 0.5 | $150 | $75 |
| Total | | | | $96,572 |

The Court first considers whether these hourly rates are reasonable, then considers whether the hours are reasonable, and finally compares the requested award to the lodestar amount.

### 1. Hourly Rates

A party seeking attorney's fees bears the burden of demonstrating that the rates requested are "in line with the prevailing market rate of the relevant community." *Carson v. Billings Police*

10

Case No. 16-CV-03224-LHK
ORDER GRANTING MOTION TO APPROVE SETTLEMENT OF ACTION UNDER FAIR LABOR STANDARDS ACT

*Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) (internal quotation marks omitted). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (citing Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997)). Typically, "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

In *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 251 (N.D. Cal. 2015), a California wage and hour case, a court in this district awarded an hourly rate of $650 to a partner with 16 years of experience, $425 an hour to an attorney with 6 years of experience, and $375 an hour to an attorney with 4 years of experience. *Id.* at 262. Similarly, in *Wren v. RGIS Inventory Specialists*, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011), a court in this district in a FLSA case awarded an hourly rate of $650 to an attorney with 17 years of experience, and rates ranging from $325 to $450 per hour for associates with less experience. *Id.* at *19. Moreover, in *Wren*, an hourly rate of $150 was awarded to a paralegal. Id.

Here, David Mastagni graduated law school in 1999 and has approximately 18 years of experience in wage and hour litigation. David Mastagni has significant experience in class and collective action cases. *See* ECF No. 53-1 ¶¶ 9, 12. David Mastagni declares that he charges rates in the range of $400 to $650 per hour, which is comparable to attorneys of similar skill in the Bay Area legal market, and seeks an hourly rate of $600 per hour here. *Id.*

Isaac Stevens graduated from law school and was admitted to the bar in 2007. ECF No. 53-2 ¶ 5. He works on labor and employment litigation with an emphasis on wage and hour litigation and complex class and collective action cases. *Id.* ¶ 7. Stevens declares that his normal rate is $300 to $400 per hour, which is comparable to attorneys of similar skill in the Bay Area legal market. *Id.* ¶ 12. He seeks a rate of $400 per hour here.

Ace Tate graduated from law school in 2008 and was admitted to the bar in 2009. ECF No. 53-3 ¶ 5. He works on labor and employment litigation with an emphasis on wage and hour

11
Case No. 16-CV-03224-LHK
ORDER GRANTING MOTION TO APPROVE SETTLEMENT OF ACTION UNDER FAIR LABOR STANDARDS ACT

1  litigation and complex class and collective action cases. *Id.* ¶ 7. Stevens declares that his normal

2  rate is $300 per hour, which is comparable to attorneys of similar skill in the Bay Area legal

3  market. *Id.* ¶ 10. He seeks a rate of $265 per hour here.

Under *Bellinghausen* and *Wren*, the hourly rates for these three attorneys are justifiable based on other cases awarding fees and their declarations as to the market rates in this area. The Court need not reach whether the fees for Carl Larson, Andy Horwitt, Patrick Barbieri, or Benjamin Carney are reasonable because the fee award in this case is justifiable based on the work performed by David Mastagni, Isaac Stevens, and Ace Tate alone.

### 2. Reasonableness of Hours

A reasonable number of hours is equal to the number of hours that the attorney could reasonably bill to a private client. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwin v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Here, Plaintiffs represent that the following hours were spent on the instant litigation: David Mastagni spent 76.2 hours, Isaac Stevens spent 42.7 hours, and Ace Tate spent 71.1 hours. ECF Nos. 53-1 ¶ 22, 53-2 ¶ 13, 53-3 ¶ 11. The time sheets submitted by Plaintiffs vary slightly from these amounts. ECF No. 58-1 at 8–26. In those time sheets, David Mastagni spent 69.10 hours, Isaac Stevens spent 49.5 hours, and Ace Tate spent 79.3 hours on the instant litigation. *Id.* The Court has reviewed these time sheets and these time sheets do not display "excessive, redundant or otherwise unnecessary" billed hours. *Van Gerwin*, 214 F.3d at 1045.

At the June 22, 2017 on the instant motion, Plaintiff explained the disparity in the billing hours between the declaration and the hours claimed. As to David Mastagni, Plaintiffs represented that to correct a billing error, Mr. Mastagni reduced his hours to 69.1. However, Plaintiffs noted that the difference as to Isaac Stevens and Ace Tate occurred because the time sheets were more

12

Case No. 16-CV-03224-LHK
ORDER GRANTING MOTION TO APPROVE SETTLEMENT OF ACTION UNDER FAIR LABOR STANDARDS ACT

up to date than the declarations. Thus, the 49.5 hour amount as to Isaac Stevens is correct, and the 79.3 hour amount as to Ace Tate is correct.

Overall, when combining the reasonable hourly rates with the reasonable hours for David Mastagni, Isaac Stevens, and Ace Tate, the lodestar is as follows:

| Name | Position | Hours | Rate | Total |
|---|---|---|---|---|
| David Mastagni | Attorney, Partner | 69.1 | $600 | $41,460 |
| Isaac Stevens | Attorney, Senior Associate | 49.5 | $400 | $19,800 |
| Ace Tate | Attorney, Associate | 79.3 | $265 | $21,014.50 |
| Total | | | | $82,274.50 |

Thus, for only these three attorneys, the lodestar is $82,274.50. The amount requested to be awarded in this case as part of the settlement agreement is $47,501.77. That amount is approximately 57% of the lodestar. This amount is reasonable even though this case settled in its early stages because the parties engaged in extensive informal discovery, were required to analyze incomplete payroll records, the financial analysis in this case was complex and time consuming, and the parties engaged in mediation that resulted in the settlement of this suit.

Thus, the Court finds that the requested attorney's fees are reasonable.

### D. Costs

Costs may also be awarded as part of a FLSA settlement. *Selk*, 159 F. Supp. 3d at 1180–81 (finding an award of $10,218 to be reasonable). Here, Plaintiffs request $4,567.23 in costs. ECF No. 58-1 at 3–4. These costs involve court fees and mediation fees, the majority of which were spent on the private mediator in this case. *Id.* The Court finds these costs to be reasonable.

Accordingly, because the settlement in this case involves a fair and reasonable resolution of a bona fide dispute and involves a reasonable award of attorney's fees and costs, the Court GRANTS the parties' Revised Motion to Approve Settlement of Action Under FLSA.

### E. Notice

The parties have submitted a proposed notice that will be sent to potential opt-in Plaintiffs. During the June 22, 2017 hearing on the instant motion, the Court proposed two suggested

13
Case No. 16-CV-03224-LHK
ORDER GRANTING MOTION TO APPROVE SETTLEMENT OF ACTION UNDER FAIR LABOR STANDARDS ACT

changes to the proposed notice, to which the parties agreed:

First, after the first sentence in the first paragraph of page 3 of the proposed notice, the following sentence should be inserted: "In return for the benefits provided by the Settlement Agreement and General Release, you are giving up your right to seek individual relief against the City of Palo Alto under FLSA on the grounds in this lawsuit for events that occurred any time before the Court approved this settlement as reasonable on _____, 2017." In the version sent to the parties, the date now represented by an underscore should reflect the date on which this order issues.

Second, in the section "Effect of Not Joining this Lawsuit," the word "not" should be inserted into the first sentence of the only paragraph in that section so that it reads: "If you do not follow the procedure set out above for joining this lawsuit and participating in the settlement, you will not be joined in this lawsuit and will not be bound by the settlement."

The Court approves the notice with the above amendments.

### F. Filing of Opt-Ins

The parties shall file each opt-in form.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the parties' Revised Motion to Approve Settlement of Action Under FLSA. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 22, 2017

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

14
Case No. 16-CV-03224-LHK
ORDER GRANTING MOTION TO APPROVE SETTLEMENT OF ACTION UNDER FAIR LABOR STANDARDS ACT